[No. 2303. Decided November 27, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. ROSE ZET-
TLER, *Appellant.*

CRIMINAL LAW — RECORD ON APPEAL — INSUFFICIENCY OF EVIDENCE —
ASSIGNMENT OF ERRORS — MISCONDUCT OF BAILIFF.

The alleged insufficiency of the evidence to sustain a verdict of
guilty will not be considered on appeal, when the record does not
purport to contain all the material facts, matters and proceedings
produced and had at the trial.

The fact that the bailiff informed the jury that, if they did not
return a verdict by a certain hour, he would keep them locked up
all night, does not amount to misconduct when the statement was
made, not for the purpose of influencing the jury in their action,
but to inform them that it was the intention of the court to go home
at that hour, and that, if the verdict was not returned before that
time, it could not be till morning.

An assignment that the court erred in giving instructions will

40—15 WASH.

not be considered on appeal, when there is no specification in the brief as to what the error was.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge. Affirmed.

*Von Tobel & Humphrey*, and *Claypool, Cushman & Cushman*, for appellant.

*G. W. H. Davis*, for The State.

The opinion of the court was delivered by

HOYT, C. J.—The defendant was convicted of the crime of grand larceny, and from the judgment and sentence imposed has prosecuted this appeal.

Three errors are relied upon. (1) That the court erred in refusing to discharge the defendant at the close of the State's evidence. (2) That the court erred in refusing a new trial because of the insufficiency of the evidence. (3) That the court erred in refusing a new trial on the ground of the misconduct of the jury and the bailiff having the same in charge.

The first two raise substantially the same question and are founded entirely upon the alleged insufficiency of the evidence. But the record is not such that appellant can make available such alleged insufficiency. It does not purport to contain all of the evidence produced upon the trial. Nor does it appear from the certificate of the judge, or otherwise, that what is brought here contains all the material facts, matters or proceedings.

The third allegation is founded upon the alleged fact that the bailiff informed the jury that, if they did not agree by nine o'clock, he would keep them locked up all night. If it appeared that this statement was made for the purpose of inducing the jury to arrive at a speedy verdict, and that there was no other reason

for making it, there might be ground for contending that it showed such improper action as to require the granting of a new trial. But it appeared that this statement was not made for the purpose of influencing the jury in their action, but to inform them that it was the intention of the court to go home at nine o'clock, so that if a verdict was not returned by that time, it could not be returned until morning, and for that reason the jury would necessarily be kept together during the night unless the verdict was returned before nine o'clock.

There is another general allegation of error to the effect that the court erred in giving its instructions to the jury, but there is no specification in the brief as to what the error complained of was, and without such specification the assignment is too indefinite to require notice.

The judgment and sentence will be affirmed.

DUNBAR, ANDERS, SCOTT and GORDON, JJ., concur.